IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER A. FREY, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. |
| | : 1:05-CV-1493-JOF |
| GAINEY TRANSPORTATION SERVICES, INC., et al., | : |
| Defendants. | : |

## OPINION AND ORDER

This matter is before the court on Plaintiff's motion to quash third-party subpoenas to Blue Cross Blue Shield Healthcare of Georgia and Northside Women's Specialists [72-1].

Plaintiff, Jennifer Frey, filed suit against Defendants, Emmet Rogers and Gainey Transportation Services. Frey was injured in a November 10, 2003 accident involving her car and a tractor-trailer driven by Rogers while employed by Gainey Transportation. In her complaint, Plaintiff avers she "suffered injuries to her body, including her head, neck, and back which required medical treatment." *See* Amended Cmplt., ¶ 26. Plaintiff also alleges that "as a result of the wreck, Plaintiff has experienced and will continue to suffer a loss of quality of life from her pre-wreck life." *Id.*, ¶ 28. Plaintiff seeks damages for past, present, and future medical expenses, lost wages, and diminished capacity to labor. *Id.* at 8.

AO 72A
(Rev.8/82)

Blue Cross Blue Shield is Plaintiff's insurance provider, and Northside Women's Specialist is Plaintiff's gynecologist. Defendants' subpoena to Blue Cross Blue Shield seeks "any and all insurance records regarding" Plaintiff. Defendants' subpoena to Northside Women's Specialists requests copies of their "complete clinical record and all statements of charges and payments received regarding all examinations and treatment at any time rendered" to Plaintiff. Plaintiff has not objected to any other subpoenas of her medical records.

Plaintiff filed the instant motion to quash these subpoenas arguing that Defendants are entitled to Plaintiff's medical records only to the extent she has placed her treatment or injuries at issue in the lawsuit. Because Plaintiff requests damages for injuries to her head, neck, and back, only, Plaintiff asserts that she has not waived her physician-patient privilege with respect to her entire health insurance file and gynecological information, and that information is not relevant to her claims. Defendants respond that Plaintiff alleges in her complaint that her present quality of life is diminished from her pre-wreck life and they need to subpoena this healthcare information in order to get a clear understanding of what health issues might have affected Plaintiff prior to the accident to defend against her damage request.

The parties have directed the court primarily to two cases, *Bottomly v. Leucadia National*, 163 F.R.D. 617, 619 (D. Utah 1995), and *Shipes v. BIC Corp.*, 154 F.R.D. 301, 306, 309 (M.D. Ga. 1994). *Bottomly* is a sexual harassment case where the plaintiff had prior emotional difficulties. The court's analysis was influenced by the standards involved in proving sexual harassment, as well as the substantial publicity the case had garnered. *Shipes*

2

is a product liability case where the plaintiff sought discovery from the defendant of records submitted by plaintiffs in other cases to support their assertions of physical injury. Because those other plaintiffs had already waived their physician-patient privilege with respect to the documents submitted to BIC, the court held that BIC could not assert any privacy with respect to those documents. The court finds that neither of these cases is particularly helpful to the circumstances here.

Plaintiff brings her motion pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(iii), which states that a court may quash or modify a subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies." *Id.*[1] O.C.G.A. § 24-9-40 states that privileges regarding medical records are waived only to the extent a plaintiff "places his care and treatment or the nature and extent of his injuries at issue in any civil or criminal proceeding." In her complaint, Plaintiff alleges she suffered damage to her body, "including" her head, neck, and back. As such, the court finds Plaintiff has placed her physical condition beyond that simply of her head, neck, and back, at issue. Furthermore, it is not clear to the court that any records submitted by Plaintiff to her insurance company would be protected under O.C.G.A. § 24-9-40 (governing release of medical information by physician, hospital, health care facility, or pharmacist); *but see* O.C.G.A. § 24-9-42

---

[1] The court finds that Plaintiff has standing to raise this objection because the subpoena relates to medical records over which Plaintiff claims a physician-patient privilege. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979).

3

(disclosure of medical records pursuant to limited consent to disclosure does not destroy the confidential nature of records). Neither party has described for the court what might be contained in Plaintiff's insurance records and whether Plaintiff or her physicians might have provided the information to the insurance company.

The court recognizes that the Northside subpoena addresses areas exclusive of the head, neck, and back. The court further recognizes that Plaintiff likely feels a particularized need for privacy with respect to these records. However, the court finds it would be impracticable to attempt to craft a line around which Defendants might inquire about certain areas of Plaintiff's physical condition, but not others. Defendants are correct when they argue that whether Plaintiff had a medical condition unrelated to her head, neck, and back prior to the accident could impact the amount of damage she would be entitled to for the difference between her pre-wreck and post-wreck enjoyment of life. The gravamen of Plaintiff's damages claim here is going to be personal injury. *See generally Leslie v. Brames*, 682 F. Supp. 608 (D. Me. 1988) (denying motion to quash subpoena to doctor who treated plaintiff for Chron's disease prior to car accident); *Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296, 298-99 (E.D. Pa. 1983) (in employment discrimination suit, so "long as plaintiff seeks either or both compensatory and punitive damages by reason of physical, mental or emotional harm or distress, defendant is entitled to inquire during discovery of witnesses, including physicians and psychiatrists as to plaintiff's past history whether or not directly related to her job performance"). While the court finds that Defendants may inquire as to

4

Plaintiff's physical condition during the discovery phase of this litigation, it leaves to another day to determine whether any information gleaned by Defendants through these subpoenas will ultimately be admitted at trial.

For the foregoing reasons, the court DENIES Plaintiff's motion to quash third-party subpoenas to Blue Cross Blue Shield Healthcare of Georgia and Northside Women's Specialists [72-1].

**IT IS SO ORDERED** this 27th day of April 2006.

                                          s/ J. Owen Forrester
                                          J. OWEN FORRESTER
                                      SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)